UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-09686-CAS (AS) | Date | November 23, 2026 |
| Title | Mark A. Fuentes v. City of Los Angeles, et al. | | |

| | |
|---|---|
| Present: The Honorable | Alka Sagar, United States Magistrate Judge |

| | |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE SERVICE INFORMATION**

On August 23, 2026, Plaintiff James Thomas Ruiz, a California resident who is proceeding *pro se* and has been granted leave to proceed *in forma pauperis* ("IFP"), filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against the City of Los Angeles, LAPD Officer Gonzalez and LAPD Officer Dumaplin. (Docket ("Dkt.") No. 1). On September 10, 2026, the Court issued an Order Re Service of Process directing Plaintiff to complete and return to the Clerk of the Court a USM-285 form for each Defendant, supplying, among other things: a first and last name for each Defendant; the Defendant's identification number, if available; and a complete street address where each Defendant can be served. (Dkt. No. 9). Plaintiff was required to return three completed USM-285 forms – one for Defendant City of Los Angeles in its official capacity, and one for each of the LAPD officers in their individual capacity no later than October 26, 2026. (Dkt. Nos. 9-10). However, Plaintiff has failed to return the completed USM-285 forms.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the Court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Where a *pro se* plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court may dismiss the unserved defendant *sua sponte*. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by, Sandin v. Connor, 515 U.S. 472 (1995). Here, as noted, Plaintiff has not provided any information for the USMS to serve any Defendant.

IT IS THEREFORE ORDERED that no later than **December 23, 2026**, Plaintiff shall either (1) show good cause in writing, if any exists, why this case should not be dismissed as against Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-09686-CAS (AS) | Date | November 23, 2026 |
| Title | Mark A. Fuentes v. City of Los Angeles, et al. | | |

based on Plaintiff's failure to provide accurate and sufficient information to enable the USMS to effect service of the summons and Complaint upon such Defendants; or (2) supply the Court with information sufficient to effect service upon such Defendants.

**Plaintiff is cautioned that the failure to comply with this Order, and/or to show good cause or to provide sufficient information to effect service upon Defendants may result in the dismissal of this action as against such Defendants for failure to comply with the Court's Order, failure to provide accurate and sufficient information to effect service of the summons and Complaint upon such Defendants, and/or failure to prosecute such Defendants.**

IT IS SO ORDERED.

| | | | |
|---|---|---|---|
| | 0 | : | 00 |
| Initials of Preparer | AF | | |